UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| THADDEUS D. DANIEL, | ) |
| *Petitioner*, | ) |
| v. | ) No. 1:09-cv-1 |
| | ) *Mattice* |
| CHERRY LINDAMOOD, WARDEN, | ) |
| *Respondent*. | ) |

## MEMORANDUM

Thaddeus D. Daniel ("Daniel") has filed a *pro se* petition for writ of habeas corpus ad subjiciendum pursuant to 28 U.S.C. § 2241 [Court File No. 1]. Daniel has paid the $5.00 filing fee.

Initially the Court observes that, although Daniel has signed the documents, the petition states that Robbie English and Tanika Gladden are acting on his behalf "to exert his privileges pursuant to the office of the writ of Habeas Corpus[.]" (Court Doc. 1). As a threshold requirement for these two individuals to have standing to pursue this petition as a next of friend for Daniel, they must show that Daniel is unable to litigate his own cause due to "inaccessibility, mental incompetence, or other disability" and that they are "truly dedicated to the best interests" of Daniel. *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). "The burden is on the next friend clearly to establish the propriety of his status[.]" *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir.) (citation and internal quotation marks omitted), *cert. denied*, 525 U.S. 985 (1998).

Even if the Court makes the assumption that these two people are acting in Daniel's best interest, there is absolutely no evidence in the complaint that Daniel is incompetent or otherwise incapable of pursuing his own action. Thus, these two individuals have failed to bear their burden of showing Daniel is unable to direct these proceedings on his own behalf. Therefore, Robbie English and Tanika Gladden lack standing to act as Daniel's next friend and the Court lacks

1

jurisdiction over this petition, to the extent it was filed by these two individuals. The Court would observe that it is not entirely clear who actually filed the petition, as Daniel signed all the pertinent documents. Nevertheless, and even to the extent that Daniel actually filed the petition, it will be dismissed, as explained below, for failure to exhaust remedies.

Daniel, a state prisoner, does not challenge his conviction by way of motion brought under 28 U.S.C. § 2254 or §2241, but instead describes his petition as a writ of habeas corpus ad subjiciendum, also know as the "Great Writ." *Stone v. Powell*, 428 U.S. 465, 475 n. 6 (1976). Although "[t]he authority of federal courts to issue the writ of habeas corpus ad subjiciendum was included in the first grant of federal-court jurisdiction, made by the Judiciary Act of 1789, c. 20, § 14, 1 Stat. 81, with the limitation that the writ extend only to prisoners held in custody by the United States[,]" *id*. at 474-75, the writ was extended to state prisoners in 1867. Act of Feb. 5, 1867, c. 28, § 1, 14 Stat. 38. *Id*. at 475. The Act of 1867 gave United States District Courts jurisdiction to determine whether a prisoner has been deprived of liberty in violation of constitutional rights. *United States v. Hayman*, 342 U.S. 205, 212 (1952). The Great Writ was codified in statutory provisions of Chapter 153 of Title 28 (§§ 2241-2255). *Id*. Thus, Daniel's writ of habeas corpus ad subjiciendum is not cognizable.

Nevertheless, since Daniel is a *pro se* prisoner, and since petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court, the Court will construe the instant pleading as a § 2241 habeas petition. Here, Daniel is challenging the manner in which his sentence is executed. It appears that Daniel pled guilty to charges of aggravated robbery and facilitation of first-degree murder. Although his petition is difficult decipher, it appears that he is claiming that he is being held past his release date based on his April 24, 1995 plea agreement, which allegedly provided for a twenty year sentence at thirty

percent.

It is well established that prisoners complaining of events or conditions relating to their custody must exhaust their remedies before habeas relief may be granted. In this case, Daniel has not demonstrated that he has exhausted his remedies. Daniel has not attached a final decision of the Board of Paroles nor filed any documents, other than a state trial court order denying habeas relief, showing he filed for relief in state court. It does not appear that Daniel appealed the state trial court order denying habeas relief. The exhaustion doctrine applies to petitions filed under § 2241. See *Collins v. Million*, 121 Fed.Appx. 628, 630 (6th Cir. 2005) (unpublished table decision), available in 2005 WL 221531 (state court remedies must first be exhausted under either §2254 or § 2241); *Seaton v. Kentucky*, 92 Fed.Appx. 174 (6th Cir. 2004) (unpublished table decision), available in 2004 WL 232149 (*Pro se* state prisoner filed a § 2241 petition and Sixth Circuit upheld dismissal for failure to exhaust state court remedies.); *Graham v. Snyder*, 68 Fed.Appx. 589 (6th Cir. 2003), (unpublished table decision), available in 2003 WL 21418232, at *1 ("A federal prisoner must exhaust all available administrative remedies before filing a § 2241 suit."); *Skinner v. Wiley*, 355 F.3d 1293 (11th Cir. 2004) ("We agree with the reasoning of our sister circuits and hold that prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements").

Consequently, Daniels must first exhaust his state remedies before filing a federal habeas petition. It appears from the record that Daniel has failed to exhaust his available remedies. Accordingly, a judgment will enter **DISMISSING** Daniel's § 2241 petition for federal habeas relief.

                                                       /s/Harry S. Mattice, Jr.
                                                      HARRY S. MATTICE, JR.
                                                     UNITED STATES DISTRICT JUDGE